Manly, J.
 

 The instruction asked for was properly refused. The terms in which the prayer is couched, are ambiguous, but taken in any sense, it ought not to have been granted. If the instruction asked for were predicated upon the assumption that it was not the purpose of the negro to force the young woman, but merely
 
 to
 
 solicit and have connection with her. only in case she consented, then it was properly refused, for the reason that it had been twice already given in substancc. If, however, the prayer for the instruction rested on the hypothesis that while the assault was made in the
 
 beginning
 
 with intent to ravish, the prisoner afterwards, nevertheless, changed his purpose upon being resisted, and concluded not to do so, the instruction was properly refused, because it is utterly untrue as a proposition of law. It involves the absurdity of making the statute null and void.
 
 We
 
 have considered the case in connection with the facts reported by the Superior Court, and feel constrained to say we discover
 
 no
 
 mitigating circumstance in it. Besides, the inference of intent on the part of the prisoner, which is to be drawn from the character of the young woman whom he assaulted, and from the respective social conditions of the parties, the whole evidence shows that he had predetermined to force her to his will — that he seized her in prosecution of this purpose, and never ceased from his efforts to accomplish it, until he was approached by
 
 *71
 
 overpowering force. There is not a particle of evidence reported, to put any other face upon this transaction.
 

 We have carefully examined the record in the case, and find no reason why judgment of death should not be pronounced and executed upon the prisoner, Elicfc.
 

 Per Curiam,
 

 Judgment affirmed.